United States Court of Appeals,

Fifth Circuit.

No. 94-60425.

AMERICAN CIVIL LIBERTIES UNION OF MISSISSIPPI, INC. et al., Plaintiffs-Appellees/Cross Appellants,

v.

Edwin KING, Plaintiff-Appellant/Cross Appellee,

v.

Kirk FORDICE, Governor, et al., Defendants-Appellees.

June 11, 1996.

Appeal from the United States District Court for the Southern District of Mississippi.

Before WISDOM, EMILIO M. GARZA and PARKER, Circuit Judges.

PER CURIAM:

In *ACLU v. Mississippi,* 911 F.2d 1066, 1069 (5th Cir.1990) we remanded this case to the district court to devise a remedy that accommodates the constitutional privacy interests of the plaintiff class. We affirm, finding that the district court did not abuse its discretion in adopting the plan now under review.

FACTS AND PROCEDURAL HISTORY

The Mississippi State Sovereignty Commission ("Commission") gathered personal information about Mississippi citizens from 1957 to 1977, with the purpose of thwarting desegregation and other civil rights work. The Commission records included information, some of which was not true, about individuals' sexual preferences and activities, financial dealings, political and religious beliefs and affiliations, and drug and alcohol use. This information was disseminated by the Commission to law enforcement agencies, employers, and others prior to 1977.

When the Mississippi legislature disbanded the Commission in 1977, it directed that all of its records be destroyed. The federal district court granted the plaintiff class an injunction forbidding the destruction of the files. In response, the legislature sealed the files until 2027. In 1987, the plaintiff class was subdivided into "disclosure plaintiffs" who sought unlimited disclosure of

Commission files to the general public and "privacy plaintiffs" who did not want public access to the records without the prior permission of those named in the record or without notice to those persons. The district court then enjoined the enforcement of the statute sealing the files, ordering that all Commission files be disclosed and accessible to the general public. This Court vacated that order, holding that complete and unfettered disclosure of the files does not give appropriate protection to the constitutional privacy interests of persons in not having government-gathered sensitive personal information about them released, *ACLU v. Mississippi,* 911 F.2d 1066, 1069 (5th Cir.1990), and remanded to the district court to devise a plan that accommodates those interests. *Id.* at 1075.

THE DISTRICT COURT ORDER NOW UNDER REVIEW

On remand, the district court found that "as a practical matter, many of the documents from the files are already in circulation," and held that the public has a "right to know" what is contained in the Commission files, and therefore that the "Commission files should be presumptively open." The district court noted that this Court had referred to the possibility of redacting names from previously unpublished material but concluded that such a solution was not viable. The redaction of names in any given file will "not necessarily" protect the privacy interest of those individuals because they may also be named in previously published materials, which are cross indexed in the files.

As part of the procedure designed to protect privacy, the district court divided persons named in the files into two categories: (1) victims, who were subjected to investigation or surveillance and (2) state actors. State actors, defined as a member, employee or informant of the Commission or any person who requested information from the Commission during its existence, have no privacy rights under the district court order. The district court ordered the Mississippi Department of Archives and History ("MDAH") to list and classify all the persons named in the documents not already in circulation as victims or state actors. Any person classified as a "state actor" can challenge that status, and any person classified as a "victim" can challenge the opening of a file containing references to them. Files involved in such a challenge will remain sealed until the challenge is resolved by a later, undescribed judicial proceeding.

The district court further ordered MDAH to publish notices in national and state newspapers

and held that such publication "will sufficiently notify those who may have been victims of unlawful Commission activities as to their rights as set forth in this opinion." Any person can respond to the public notice and request whether his name appears in the files and if so, ask for a copy of such files. The responding person may make various requests including requesting that his name be redacted from the file. If MDAH receives no response, this inaction will be treated as a waiver of that person's privacy interest.

## REMEDY NOT AN ABUSE OF DISCRETION

We remanded this case, leaving "the district court broad discretion to fashion a remedy[.]" *ACLU,* 911 F.2d at 1074. We now review that remedy for abuse of discretion.

Plaintiff Edwin King, representing the privacy plaintiffs, contends on appeal that the district court erred in holding that the files are "presumptively open," in failing to order that victims' names be redacted unless the victims give actual consent to release, and in prescribing inadequate notice.

We find that the district court's findings of facts are not clearly erroneous, *see ACLU v. Mississippi,* 911 F.2d at 1069, and that the remedy devised, while necessarily imperfect, was not an abuse of discretion.

## CROSS APPEAL

American Civil Liberties Union of Mississippi, Inc., Cross Appellants, ask this Court to modify the district court's order in three particulars: (1) the archivists' determinations in indexing the documents should not be granted deference by the courts; (2) no class of documents should remain permanently sealed; (3) the right of victims to insert rebuttal materials should not be cut off.

Disclosure plaintiffs ask that this Court "fine tune" the district court's order to clarify that the archivists' determinations should be reviewed *de novo* by the court and that no class of documents should remain permanently sealed. These two issues require interpretation of the language of the order. This task is best left to the continued oversight of the district court, which anticipated disputes and provided for their resolution.

Finally, the time limit for victims to provide rebuttal should be a reasonable balance between the interest in allowing rebuttal and the interest in avoiding making the process unduly burdensome.

We are not willing to find that the plan provision regarding rebuttal time is an abuse of discretion. However, it is a close question. We therefore invite the district court to reconsider the plan in this respect with a view toward providing more time to file rebuttals.

## CONCLUSION

For the foregoing reasons, we affirm the district court's order.

AFFIRMED.